UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| S.S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-02218-JPH-MKK |
| ) | |
| MITCHELL R. MILES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff, S.S., moves to have her identity protected in this suit brought under 18 U.S.C. § 2255(a), seeking damages from the man convicted of making child pornography videos of her. For the reasons set forth below, Plaintiff's motion is **GRANTED**.

**I.   Background**

Under 18 U.S.C. § 2255(a), a person who was victimized as a minor in violation of certain statutes criminalizing sexual exploitation of a child and possession of child pornography and who suffered personal injury may sue the perpetrator for damages. *See* 18 U.S.C. 2255(a) ("Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover . . . ."). Defendant pleaded guilty to both sexual exploitation of a

1

child and possession of child pornography. (Dkt. 1 at ¶10). Plaintiff was the victim of these crimes. (*Id.* at 13).

Alongside her complaint, Plaintiff filed to proceed under a pseudonym. (Dkt. 4). Defendant, *pro se*, made an appearance on February 5, 2024, by filing a motion to dismiss. (Dkt. 14). Any response to Plaintiff's motion to proceed under pseudonyms was due on or before February 26, 2024. S.D. Ind. L.R. 10-1(d) (objections to such motions must be filed within 21 days of an opposing party's appearance). No opposition was filed.

## II.  Law

"The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). This principle is reflected by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) ("the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). The Seventh Circuit has canonized the presumption against pseudonymous litigation on the foundation that "[t]he public has an interest in knowing what the judicial system is doing, an interest frustrated when any part of litigation is conducted in secret." *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005); *see also Roe v. Dettelbach*, 59 F.4th 255, 259 (7th Cir. 2023) ("'[t]he use of fictitious names is disfavored'") (quoting *Blue Cross & Blue Shield United*, 112 F.3d at 872); *Blue Cross & Blue Shield United*, 112 F.3d at 872 ("Identifying the parties to the proceeding is an important dimension of publicness.").

Whether a litigant may proceed pseudonymously is entrusted to the discretion of the Court. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016). This discretion comes with "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts," even if the motion to proceed under a fictious name is not opposed. *Blue Cross & Blue Shield United*, 112 F.3d at 872; *see also* S.D. Ind. L.R. 10-1 (advisory committee comments) ("The court has an independent duty to determine whether the potential harm to a litigant exceeds the presumption that judicial proceedings are open to the public, such that the litigant should be permitted to proceed under a pseudonym.").

The Seventh Circuit has identified some exceptional circumstances that constitute privacy interests warranting pseudonymity, such as "when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses," *Blue Cross & Blue Shield United*, 112 F.3d at 872, or when there is a "danger of retaliation," *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). *See also Dettelbach*, 59 F.4th at 259 (citing *Blue Cross & Blue Shield* and *Vill. of Deerfield*); *Vill. of Deerfield*, 819 F.3d at 377 ("Further, a party's allegation of fear of retaliation 'is often a compelling ground' in favor of anonymity. . . . For instance, we affirmed the use of fictious names where plaintiffs, minor children and their parents, had legitimate fears of future retribution in a case involving religious freedom.") (citations omitted).

Courts in this District have looked to a list of factors when considering whether exceptional circumstances exist:

> (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering [physical or mental] injury if identified; [] (5) whether the party defending against a suit brought under a pseudonym would be prejudiced; [and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.]

*Doe v. Indiana Black Expo, Inc.,* 923 F. Supp. 137, 140 (S.D. Ind. 1996); *see also Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 WL 639537, at *1 (S.D. Ind. Feb. 27, 2012) (adding sixth factor). Although all these factors may come into play in a court's decision, "it is the movant who ultimately 'bears the burden of proof to show that some combination of these factors outweighs the ordinary presumption of judicial openness.'" *Doe v. Trustees of Indiana Univ.*, 577 F. Supp. 3d 896, 902 (S.D. Ind. 2022) (quoting *Doe v. Cook County*, 542 F. Supp. 3d 779, 785 (N.D. Ill. 2021)).

### III. Discussion

Even though Defendant did not file an opposition to Plaintiff's motion, the Court has an independent duty to evaluate Plaintiff's request to use pseudonyms in this litigation. *Blue Cross & Blue Shield United*, 112 F.3d at 872. This duty is further increased because Defendant is *pro se*. As the Seventh Circuit has stated, the Court must "construe pro se complaints liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers." *Arnett v. Webster*,

4

658 F.3d 742, 751 (7th Cir. 2011). That directive counsels against assuming Defendant would suffer no prejudice if the instant motion was granted solely because Defendant did not respond to Plaintiff's motion.

The Court begins by considering the exceptional circumstances identified by the Seventh Circuit, taking the allegations in the complaint as true for the purposes of this motion. Here, Plaintiff was a minor when she was victimized through the production of child pornography; this circumstance certainly favors pseudonymity. *Blue Cross & Blue Shield United*, 112 F.3d at 872.

For the sake of completeness, the Court will also consider the six enumerated factors often used in this District. These factors, on balance, favor pseudonymity. Here, Plaintiff is suing an individual, not challenging government activity. This factor counsels against pseudonymity. The third factor does not apply: Plaintiff does not state she plans to engage in illegal activity.

Next, this lawsuit will very likely require disclosure of deeply personal details about the injuries suffered by Plaintiff as a result of Defendant's actions. Plaintiff is quite reasonably concerned with her identity becoming linked with her abuse in the public record, and this factor accordingly favors pseudonymity. *Doe No. 62 v. Indiana Univ. Bloomington*, No. 1:16-cv-1480-JMS-DKL, 2016 WL 11553229, at *1 (S.D. Ind. Aug. 26, 2016). Plaintiff's concerns as to this prong blend into those associated with the fourth factor: risk of physical or mental harm. Plaintiff argues that forcing her to proceed publicly will exacerbate the harms and trauma central to

5

being victimized by a child pornographer. (Dkt. 5 at 6). This is a persuasive argument, and the Court finds the fourth factor favors pseudonymity.

As to the fifth factor, the Court concludes Defendant will not be unduly prejudiced by pseudonymous litigation. Here, Plaintiff alleges her identity is known to Defendant, and therefore there will be no prejudice to him. (Dkt. 5 at 7). The Court agrees that it does not appear that Defendant will be prejudiced to any significant extent by pseudonymous litigation. *See Doe No. 62,* 2016 WL 11553229, at *1-2. Finally, the sixth factor also favors pseudonymity: it is well established that the privacy interests of victims of serious sexual crimes outweigh the interests of completely open judicial procedures. *Id.* at *2 (collecting cases).

In sum, Plaintiff has made an adequate showing to overcome the presumption against pseudonymous parties.

## IV. Conclusion

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym is GRANTED.

SO ORDERED.

Date: 03/14/2024

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the Court's ECF system

Mitchell R. Miles
16985-028
Thomson USP
USP Thomson
P.O. Box 1002
Thomson, IL 61285